IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HENRY ALLEN GLENN,
      Petitioner,

vs.                              Case No.:  3:12cv430/LAC/EMT

MICHAEL D. CREWS,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1).  Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (doc. 22).  The court directed Petitioner to file a response to the motion to dismiss (*see* doc. 23), but he has not done so.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

## I.    BACKGROUND AND PROCEDURAL HISTORY

The procedural background of this case is established by the state court record (doc. 22).[1] Following a jury trial, Petitioner was convicted in the Circuit Court in and for Walton County, Florida,

_____

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (doc. 22), unless otherwise indicated.  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

Case Nos. 2004-CF-1013 and 2004-CF-1014, of two counts of sale of a controlled substance within 1000 feet of a church (a first degree felony) and two counts of possession of a controlled substance (a third degree felony) (Ex. A). He was sentenced to thirty (30) years of imprisonment on each first degree felony and five (5) years of imprisonment on each third degree felony, all counts to run concurrently, and with pre-sentence jail credit of 75 days (*id.*).

Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D05-2347 (Ex. B). The First DCA affirmed the judgment per curiam without written opinion on November 2, 2006, with the mandate issuing November 20, 2006 (Exs. C, D). Glenn v. State, 940 So. 2d 1127 (Fla. 1st DCA 2006) (Table).

On December 6, 2007, Petitioner filed a motion for post-conviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. E). The state circuit court appointed counsel for Petitioner and held an evidentiary hearing on July 16, 2008 (Ex. F). During a recess in the evidentiary hearing, Petitioner and the State negotiated an agreement, pursuant to which Petitioner agreed to withdraw his Rule 3.850 motion and enter a nolo contendere plea to the charges in exchange for the State's agreement to reduce his sentence to twelve (12) years of imprisonment on each first degree felony and five (5) years of imprisonment on each third degree felony, all counts to run concurrently, and with credit for time served (*id.* at 69–73). After conducting a colloquy with Petitioner, the court accepted the parties' agreement and re-sentenced Petitioner as agreed (*id.*). A new judgment was rendered July 30, 2008 (Ex. G).

On July 15, 2009, Petitioner filed another Rule 3.850 motion (Ex. H). The state circuit court denied the motion as untimely and procedurally barred (Ex. I). On May 24, 2011, Petitioner filed a petition for belated appeal in the First DCA, Case No. 1D11-2910, seeking a belated appeal of the circuit court's decision (Ex. J). The First DCA granted the belated appeal on November 30, 2011 (Ex. K). Glenn v. State, 75 So. 3d 389 (Fla. 1st DCA 2011). The First DCA subsequently affirmed the lower court's decision on July 30, 2012, with the mandate issuing August 27, 2012 (Exs. M, N). Glenn v. State, 94 So. 3d 586 (Fla. 1st DCA 2012) (Table).

Petitioner filed the instant habeas action on September 5, 2012 (doc. 1 at 10). He contends his agreement to waive his post-conviction claims in the first Rule 3.850 proceeding was the result of ineffective assistance of post-conviction counsel (*id.* at 4–8). He asserts post-conviction counsel failed to adequately advise him of the likelihood of success on his post-conviction claim that trial

counsel was ineffective for failing to introduce audio tapes of the controlled drug buys which provided the basis of the charges, and an audio tape of investigators' interview with the confidential informant, John Watson (*id.*). Petitioner alleges the audio tapes show that investigators coached Watson to identify Petitioner as the person who sold him cocaine during the controlled buys (*id.*). Petitioner alleges if post-conviction counsel had adequately advised him of the likelihood of success on this claim (asserted as Ground Two in his Rule 3.850 motion), there is a reasonable probability he would have rejected the State's offer to reduce his sentence in exchange for waiver of his post-conviction claims (*id.*). He contends if he had proceeded on his post-conviction claims, the post-conviction court would have granted his Rule 3.850 motion (*id.*). Petitioner admits he listened to the audio tapes prior to filing his first Rule 3.850 motion in December of 2007, but he contends he was unable to decipher the extent of investigators' coaching until he listened to the tapes with headphones after the post-conviction proceeding concluded (*id.*).

II.    ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1). Respondent contends the appropriate statutory trigger for the federal limitations period in this case is § 2244(d)(1)(A), the date on which the judgment of conviction became final by

the conclusion of direct review or the expiration of the time for seeking such review (doc. 22 at 3).

In this case, as a result of the first Rule 3.850 proceeding, Petitioner entered a nolo contendere plea to the charges, the court modified Petitioner's sentence, and a new judgment was rendered July 30, 2008 (Ex. G). This new judgment triggered the federal limitations period. *See* Burton v. Stewart, 549 U.S. 147, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (federal limitations period did not begin "until both [petitioner's] conviction and sentence 'became final by the conclusion of direct review. . . .'"); *see also* Ferreira v. Sec'y Dep't of Corr., 494 F.3d 1286 (11th Cir. 2007) (addressing issue of what constitutes "judgment" for purposes of AEDPA's statute of limitations when petitioner is re-sentenced in state court and raised federal habeas claims relating only to original conviction, and holding that judgment on re-sentencing was judgment which triggered federal limitations period, because judgment is based on both conviction and sentence). Petitioner did not appeal the new judgment; therefore, it became final on September 1, 2008, upon expiration of the 30-day period in which Petitioner could have appealed.[2]

Petitioner does not allege that the "finality" trigger of § 2244(d)(1)(A) is the wrong trigger for the federal limitations period. But in light of his argument that his claim is based upon "newly discovered evidence" that he did not discover until after the conclusion of the first Rule 3.850 proceeding in July of 2008, the court will briefly address whether § 2244(d)(1)(D) applies. That subsection provides that the federal limitations period is triggered on the date on which the factual predicate of the claim presented in the § 2254 petition could have been discovered through the exercise of due diligence. Here, Petitioner claims that his agreement to withdraw his Rule 3.850 motion and plead nolo contendere to the charges in exchange for a reduced sentenced, was based upon ineffective assistance of post-conviction counsel, specifically, counsel's failure to adequately advise him of the likelihood of success on his claim that his trial counsel was ineffective for failing to introduce audio tapes of the controlled buys and investigators' interview with Mr. Watson, which allegedly showed that investigators coached Watson to identify Petitioner as the person who sold him

---

[2] Pursuant to Rule 6 of the Federal Rules of Civil Procedure, the day of the event that triggers the time period is excluded from the calculation, and the last day of the period is included, so the 30-day period expired on August 30, 2008. That day was a Saturday; therefore, the time was extended to Monday, September 1, 2008. *See* Fed. R. Civ. P. 1(1)(C); *see also* Fla. R. Jud. Admin 2.514(a)(1).

cocaine. Petitioner asserts he listened to the audio tapes on a tape recorder prior to filing his first Rule 3.850 motion on December 6, 2007, and discovered evidence that investigators coached Watson; however, he alleges he was not aware of the full extent of the coaching until "some time after" the post-conviction evidentiary hearing. He alleges after the hearing, the rules at his institution changed, and he was allowed to listen to the tapes with the use of headphones. He alleges when he listened carefully, he heard in the background one of the investigators tell Mr. Watson to say his (Petitioner's) name. Petitioner alleges had he been adequately advised of this "newly discovered evidence" by his post-conviction counsel, there is a reasonable probability he would not have agreed to the State's offer, and instead would have proceeded with his Rule 3.850 motion. He alleges if he had so proceeded, the court would have vacated his conviction.

Petitioner failed to demonstrate he could not have discovered the factual basis of his claim prior to September 1, 2008, the date the new judgment became final. Despite Petitioner's lack of access to headphones prior to that date, he was in possession of the audio tapes throughout the post-conviction proceeding, and was thus able to assess the strength of his post-conviction claim and the adequacy of post-conviction counsel's advice to accept the State's offer. Therefore, the factual predicate of the claim he presents in his § 2254 petition was discoverable prior to the date the new judgment became final. Because § 2244(d) dictates that the limitations period runs from the latest of these dates, it runs from the date the new judgment became final, September 1, 2008.

Petitioner had one year from September 1, 2008, or until September 1, 2009, to file his § 2254 petition. *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing Ferreira, 494 F.3d at 1289 n.1). Petitioner did not file his federal petition on or before that date; therefore, it is untimely unless tolling principles apply and render it timely.

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). On July 15, 2009, after **316 days** of the federal limitations period expired, Petitioner filed his second Rule 3.850 motion in the state circuit court. The state court dismissed it as untimely; therefore, it was not "properly filed." *See* Pace v. DiGuglielmo, 544 U.S. 408, 414, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) ("When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).").  Because the second Rule 3.850 motion did not toll the limitations period, it expired on September 1, 2009.

Even if the second Rule 3.850 motion qualified as a tolling motion, which it does not, Petitioner's § 2254 petition would still be untimely. The second Rule 3.850 motion was pending until November 4, 2010, upon expiration of the 30-day period for appealing the state circuit court's order denying it. The federal limitations period expired **49 days** later, on December 24, 2010. Petitioner's next post-conviction application, namely, his petition for belated appeal, did not toll the federal limitations period, because the limitations period had already expired by the time Petitioner filed it on May 24, 2011. *See* Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); *see also, e.g.*, McMillan v. Sec'y, for Dep't of Corr., 257 F. App'x 249, 252–53 (11th Cir. 2007) (habeas petitioner was not entitled to statutory tolling for the 95-day period between the date the state trial court's denial of his 3.850 motion became final and the date he filed his petition for a belated appeal of that 3.850 denial, regardless of state court's later granting of petition for belated appeal) (citing Melancon v. Kaylo, 259 F.3d 401, 407 (5th Cir. 2001); Gibson v. Klinger, 232 F.3d 799, 807 (10th Cir. 2000); Fernandez v. Sternes, 227 F.3d 977, 979 (7th Cir. 2000)). Petitioner's federal habeas petition, filed September 5, 2012, was thus untimely.

Petitioner makes the conclusory argument he is entitled to review of his claim through the "actual innocence" exception to the time bar. He states, "Petitioner makes a claim of actual innocence to pass through the gateway of Habeas Proceedings" (doc. 1 at 8). To satisfy the "actual innocence" or "miscarriage of justice" exception to the time bar, Petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "To establish the requisite probability,

the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." Schlup, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.

*Id.* Although a habeas petitioner asserting a convincing claim of actual innocence need not prove diligence to overcome a procedural bar, timing is a factor relevant in evaluating the reliability of a petitioner's proof of innocence. *See* McQuiggin v. Perkins, , — U.S. —, 133 S. Ct. 1924, 1935, 185 L. Ed. 2d 1019 (2013). As the Court stated in Schlup, "[a] court may consider how the timing of the submission and the likely credibility of [a petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence]." 513 U.S. at 332; *see also* House, 547 U.S. at 537.

Here, Petitioner's claim of innocence is based upon the audio tapes of the controlled buys and the investigators' interview with the confidential informant who participated in the controlled buys. First, any argument concerning the effect of the audio tapes on Petitioner's jury trial is moot in light of Petitioner's subsequent acceptance of the State's offer of a reduced sentence in exchange for a nolo plea to the charges and waiver of his claims of error relating to his prior jury trial. Additionally, the audio tapes are not new evidence. Petitioner and his trial counsel were aware of the tapes prior to Petitioner's jury trial. Petitioner's trial counsel testified at the evidentiary hearing that prior to trial, he (counsel) listened to the tapes and deposed the participants (Ex. F at 29–30, 34–35, 41–45); and Petitioner concedes that trial witnesses referenced the tapes during their testimony. In fact Petitioner himself listened to the tapes prior to accepting the State's offer during the post-conviction proceeding. The only "new" aspect of the audio tapes is Petitioner's interpretation of their contents after he listened to them again with headphones. Petitioner has thus fallen far short of stating a colorable claim of actual innocence.

Moreover, even if Petitioner's § 2254 petition was not time-barred, it is subject to dismissal for failing to assert a cognizable claim. Section 2254 expressly provides, "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). Further, to the

extent Petitioner attempts to resurrect claims of ineffective assistance of trial counsel that he raised in his Rule 3.850 motion, he expressly waived his right to assert those claims by accepting the State's offer of a sentence reduction (*see* Ex. F at 69–71, Ex. G). Therefore, even if Petitioner's § 2254 petition was timely, he has failed to demonstrate he is entitled to federal habeas relief on his claim.

III.   CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.   That Respondent's motion to dismiss (doc. 22) be **GRANTED**, and the petition for writ of habeas corpus (doc. 1) be **DISMISSED** with prejudice as untimely.

2.   That a certificate of appealability be **DENIED**.


At Pensacola, Florida, this 14th day of November 2013.



/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


Case No.: 3:12cv430/LAC/EMT

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).